

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-28-2004

# Chen v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3746

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Chen v. Atty Gen USA" (2004). *2004 Decisions.* Paper 32.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/32

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 03-3746 and 04-1364

_____

WEN CHEN; DING CHENG XU,

Petitioners

v.

JOHN ASHCROFT, Attorney General of the United States;
BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,

Respondents

_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board Nos. A78-199-307 and A78-199-308)

_____

Argued December 7, 2004

Before: RENDELL and FISHER, *Circuit Judges*, and YOHN,[*] *District Judge*.

(Filed December 28, 2004)

Theodore N. Cox
Joshua E. Bardavid (Argued)
Law Office of Theodore N. Cox
401 Broadway, Suite 701
New York, NY 10013
        *Attorneys for Petitioners*

_____

[*]The Honorable William H. Yohn, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Earl B. Wilson (Argued)
Linda S. Wernery
Terri J. Scadron
William C. Minick
United States Department of Justice
Office of Immigration Litigation
Ben Franklin Station
P.O. Box 878
Washington, DC 20044
    *Attorneys for Respondents*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellants, Wen Chen and Ding Cheng Xu ("Petitioners"), natives and citizens of the People's Republic of China, appeal the Board of Immigration Appeals' ("BIA") denial of their Motion to Reopen and Reconsider and Motion to Reopen and Remand their asylum proceedings. Petitioners argue that the BIA abused its discretion in denying their Motions to Reopen, because they presented new and material evidence of *prima facie* eligibility for asylum, withholding of removal, and relief under Article III of the Convention Against Torture.[1] We reverse the BIA's denial of Petitioners' Motion to

[1]Petitioners alternatively argue that the United States' obligations under the U.N. Protocol relating to the status of refugees and the Convention Against Torture override the regulatory standard for a motion to reopen when the alien faces persecution or torture if repatriated, and additionally, that pursuant to the International Covenant on Civil and Political Rights, they cannot be repatriated without giving due consideration to the effect it would have on their families. Because Petitioners did not raise these claims before the BIA, they have failed to exhaust their administrative remedies, and this Court is without jurisdiction to consider either argument.

2

Reopen and Remand Based on *Lozada* and accordingly, do not reach the denial of Petitioners' Motion to Reopen and Reconsider.

As we write solely for the parties, a minimum of facts will be recited. Petitioners initially sought asylum, withholding of removal, and relief under Article III of the Convention Against Torture on the ground that Chen was persecuted on account of her political opinion.[2] The basis of Chen's claim was that she was sexually molested by a customer of her employer with the complicity of the chairman of the factory where she worked in China, and as a result of reporting the incident to authorities, she was terminated from her job and threatened that she should not voice further complaints. The Immigration Judge denied Petitioners' application for asylum on this basis, however, as "there [was] no evidence that the harm suffered by [Chen] was on account of her actual or imputed political opinion." (Immigr. J. Order at 7.) (App. 195.)

Petitioners appealed the Immigration Judge's decision to the BIA. During the pendency of this appeal, Chen gave birth to twin daughters. On March 25, 2002, while their appeal was still pending before the BIA, Petitioners filed a Motion to Remand in order to present evidence of the birth of their children, which they alleged would cause them to be persecuted under China's one-child family planning policy should they return to China. On May 28, 2003, the BIA affirmed the Immigration Judge's decision denying

---

[2]Petitioner Ding Cheng Xu, the husband of Chen, entered the United States on or about November 1, 1997, at an unknown place, without admission or parole after inspection by a Service officer. Chen and Xu were married on September 9, 1999, in New York. Their cases were consolidated at their request.

3

Petitioners' application for asylum and denied their Motion to Remand, because the arguments and evidence presented did not establish that the outcome would have been different if remand was granted.

On June 23, 2003, Petitioners filed a Motion to Reopen and Reconsider Asylum Proceedings with the BIA. On August 19, 2003, the Motion was denied as the BIA found that it was not supported by objective evidence showing that persons in their situation, Chinese nationals with foreign-born children, would be persecuted under China's one-child family planning policy if returned to China. The Board thus concluded that Petitioners failed to demonstrate *prima facie* eligibility for asylum.

On September 22, 2003, represented by new counsel, Petitioners filed their Motion to Reopen and Remand Based on *Lozada* before the BIA. (Citing *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988)). The Motion alleged that Petitioners were provided ineffective assistance of counsel by their previous attorney, because he failed to submit evidence that the Chinese government enforces its one-child policy against Chinese nationals with foreign-born children in their earlier Motion to Reopen and Reconsider. In support of this Motion, Petitioners attached an affidavit by John Shields Aird, a retired demographer from the United States Bureau of the Census as a specialist on demographic developments and population policy in China. In his affidavit, Aird asserted that China enforces its one-child policy against persons in Chen's and Xu's situation. On February 5, 2004, the Board again denied the Motion to Reopen and Remand Based on

4

*Lozada*, finding that Petitioners still had not demonstrated *prima facie* eligibility for asylum and also, that they failed to present new and previously unavailable evidence.[3]

Because this Court finds that Petitioners satisfied their burden of demonstrating *prima facie* eligibility for asylum, we reverse the BIA's denial of their Motion to Reopen and Remand Based on *Lozada*.

A motion to reopen must establish *prima facie* eligibility for asylum. *Guo v. Ashcroft*, 386 F.3d 556, 563 (3d Cir. 2004) (citing *Sevoian v. Ashcroft*, 290 F.3d 166, 173 n.5 (3d Cir. 2002)). The *prima facie* case standard for a motion to reopen requires the applicant to produce objective evidence showing a reasonable likelihood that he can establish that he is entitled to relief. *Id.* (citing *Sevoian*, 290 F.3d at 174). A "'reasonable likelihood'" means "merely showing a realistic chance that the petitioner can at a later time establish that asylum should be granted." *Id.* at 564.

In *Guo v. Ashcroft*, this Court recently held that the *prima facie* case standard for a motion to reopen was met where the applicant submitted, *inter alia*, the birth certificate of the applicant's first child, a letter from the applicant's obstetrician describing the birth of her second child, a previous BIA decision granting a motion to reopen asylum proceedings of a Chinese applicant with two U.S.-born children, and most notably, an

---

[3]The latter conclusion was based upon the BIA's determination that because Chen gave birth to her twin daughters on May 1, 2001, she must have known that she was pregnant on January 10, 2001, just four months before, when she testified before the immigration judge in support of Petitioners' asylum application. Therefore, the BIA concluded that the information pertaining to the birth of Chen's and Xu's twin daughters was not previously unavailable within the meaning of 8 C.F.R. § 1003.2(c)(1).

affidavit by John Shields Aird in support of the applicant's claimed fear of persecution under China's one-child family planning policy.  *Id.* at 560.  Because Petitioners here presented substantially similar evidence to that offered in the *Guo* case, this Court finds that Petitioners have met their burden in establishing *prima facie* eligibility for asylum.

We reject the BIA's determination that Petitioners should have come forward with the fact of Chen's pregnancy and therefore failed to present new and previously unavailable evidence.  Only Chen's giving birth, not her pregnancy, would have been grounds for relief, so the presentation of her pregnancy alone would not have been a basis for reopening and the presentation of the birth of the children after the January hearing was new and previously unavailable evidence.

For these reasons, we will grant the Petitions at Nos. 03-3746 and 04-1364.

_____